We'll hear argument now in the case of the United States v. Withers. Mr. Cruz. May please report. Martin Cruz appears on behalf of Maurice Withers. This case is about but for the constructive amendment. Mr. Withers would have been acquitted, or there's a reasonable probability that he would have been acquitted, on counts 1, 3, 4, and 9. The jury should not have ever considered whether the question of whether he recklessly disregarded, whether threat of force or coercion would be used to get any of his alleged victims to engage in a commercial sex act. They should have only considered whether he knew that. Let's talk a little bit about how that happened. Am I correct that the magistrate judge is engaging in the jury instruction conference with counsel? Is that on the record? Yes, sir. And then the draft instructions are created. Do we know whether or not they're created by the magistrate judge or the district judge or district judge's clerk? There were several conferences. The initial error was noted that this instruction was erroneously included by Magistrate Crocker. And then somehow or another the parties agreed that it shouldn't be in there. And then for some reason it wound up ultimately being in the jury instructions that the jury received. Do we know how that happened? The link that the instructions end up getting to the district judge, the district judge ends up reading them to the jury. As I understand it, they're also displayed on some type of a screen as well as the jury as a copy. Is that correct? Yes. The judge read the instructions to the jury, the erroneous instructions. He posted them on a screen at the same time. He gave them copies, and then he gave them copies to take back with him to the jury room. So the concept of reckless disregard existed throughout the entire instruction and deliberations of the jury. So no objection at the time the instructions are read, no objection. Oftentimes a court will ask, Counsel, do you have any objection to the way the instructions have been read to the jury? No objection then. When is it discovered that the reckless disregard language, which Magistrate Crocker said shouldn't be in there, is in there? I don't think it was discovered until appeal. On appeal. That's correct. So Mr. Withers had no idea. Was there any option to make objections to the instructions? Pardon me? Any opportunity to make objections to the instructions? I'm sure there were opportunities to make objections. Well, I mean, formally. Counsel, do you have any objection to the instructions? I believe there were. I believe there were. It was a clear mistake. I don't think either party or the court noticed it. And for some reason, unbeknownst, I think, to everybody, it just made its way into the hands of the jury. And the prosecutor read it to the jury, but there was no argument that she offered, is that correct, to the jury about the reckless disregard? The prosecutor read it to the jury and has taken the position, I think, that they didn't present evidence on reckless disregard. But I would respond that throughout, this isn't a case of where the government's presenting evidence of whether there was a gun found in the kitchen or the gun found in the car like the Pearson case. This is a case where the prosecution was offering a whole plethora of evidence over time that would have bared on Mr. Withers' mental state. And so while they weren't arguing necessarily knowing or reckless per se, I think that the government largely asked the jury to just come to the conclusion that Mr. Withers had either known or recklessly disregarded that force, threat force, or coercion would be used. This is a case that the government has relied substantially on Carson and Gross, which are two recent cases where a constructive amendment was found and this court found that the substantial rights of the defendants were not affected. But those two cases, as I point out in my reply brief, are very different from this case because of the facts of this case. In those cases, both of those, in order to save time, I'll just say that both of those cases were much more egregious and quick than in the case of Mr. Withers. Those cases, Mr. Carson raped a 17-year-old the day he met her. The next day, he arranged four commercial sex transactions with her. He threatened to kill witnesses. He moved very quickly. And so the question of whether he knew that his acts would cause a victim to engage in a commercial sex act were much more compelling. Same thing with Mr. Gross. He withheld drugs. He burned his victims with cigarettes when they wouldn't turn the money over. And he threatened all three of his victims in that case with a gun. In opposite to that, in this case, Counts 1 and 3 deal with Tiffany. She said she loved him. They originally agreed on a 60-40 split for the money. It was her idea to go to Las Vegas. She had a pet name for him, Bubba Duke Duke. They both got matching gold grills on their teeth and then went out for dinner. So looking at particularly that victim in this case, the question is, looking at Mr. Withers' mind, and this is a subjective analysis according to Farmer, the recklessness. So if the jury did wrongly consider recklessness, then they considered in a very subjective way whether Mr. Withers, in his own mind, being a drug user, being posting himself on back pages, that's a very unusual fact. Isn't the defense, though, the consent? We're only talking about the adult victims here, not the child victims. Correct. Isn't the defense, though, the consent? Isn't that what the defendant's offering? And if it's consent, it would be the consent of the victims to engage in the commercial sex act. I don't think the inquiry is consent. I think the inquiry is knowledge in the mind of Mr. Withers, or did he recklessly disregard? And in the words of the juvenile in this case, they were like friends making money. That's a quote. She testified that Mr. Withers got along fairly well with Tiffany and got along well with Lindsay. So the question arises then, did the jury consider whether Mr. Withers, in his messed up sort of state of mind, actually knew that his abusive behavior, his fighting, would lead the victims to engage in commercial sex acts, or whether this guy whose brain is added with methamphetamine, who has tattoos about being a pimp, who posts himself on back pages, perceives himself in some way as his actions being normal, if you can pardon that term, abuse, as opposed to abuse which causes his victims. So it's a question of mens rea, and I don't think that... Well, you're not saying he's incompetent to stand trial. No, no. I'm not saying he's incompetent. Then why didn't he know what he was doing? Well, he certainly knew... He's not incompetent. Correct. He's providing these three women as prostitutes. Correct. The question, Judge, is looking into Mr. Withers' mind. That's what I said. I'm not saying he's incompetent. And this is a question for the jury. This is a question that the jury should never even have had an opportunity to ask themselves. Was he reckless in his actions causing these, or was he knowing that when he was fighting with these women, which he barely ever did, was that the cause of them engaging in commercial sex acts? And I would propose that this is the case, unlike Gross and Carson, where this court should draw the line and not allow that constructive amendment to have occurred. And I'd like to see it the rest of my time. Well, you've saved all 33 seconds. Ms. Kluger. May it please the Court, my name is Julia Kluger, and I represent the United States in this matter. The defendant was convicted on nine counts. He's challenging four counts for sex trafficking of four adult women. The jury found that he used force, threats, or coercion, that he recruited, enticed, harbored, or any number of those verbs. Those things are not in question. The error comes in, was it reckless disregard or was it knowing? So there is no question of did he use force, did he use threats. The jury followed the instructions on that. But the error is in the jury instruction. And this is a harmless error because the defendant cannot— A harmless error? I thought you were arguing it was not a plain error. It's not a plain error, but I would also say that the defendant—it's not a plain error. The defendant cannot show prejudice. He can't show that he probably would have been acquitted because the jury would have convicted him on knowledge because he is the one who was doing the force, the threats, and the coercion, just as in Gross and just as in Carson. While those cases were different scenarios, the analysis is the same. The defendant is the one who threatened the women. The defendant is the one who beat the women. And while the defense attorney says that Gross and Carson are different because they are more egregious and more quick, I would dispute that. As far as them being more quick, two of the counts that this defendant were convicted on were one-day events. Count three with Tiffany was one day. It was when Mr. Gross kidnapped her, took her to Iowa, then took her back to Wisconsin, laid on her all night on the bed so she could not escape, then took her to Janesville, and she ran out of the room barefoot to escape while he's on the phone saying, don't let her go get her. That's one day, and he was convicted on that. As far as Samantha, the eight-month pregnant woman, that was also one day. When he took her to lacrosse and forced her to have dates while she was eight months pregnant, one she couldn't even complete because she was sick and threw up on the john, who then said, here, just take the money. Don't worry about it. It was the defendant who made her do these things on one day. To say the other two counts were more longstanding, but it was only the defendant doing these things. To say he recklessly disregarded what he was doing himself doesn't make sense, and that's what this court found in Gross and Carson. The quote from Carson is, it's hard to imagine how a defendant could recklessly disregard circumstances of forced threats and coercion when he was the one doing the forced threats and coercion. So, yeah, it was a mistake to include that. Do you know how these incorrect instructions got to the jury? So, as defense counsel said, we all recognized that it was a mistake when we were in front of Judge Crocker. And then when we were going over the jury instructions preliminarily before trial, they weren't in there. I don't know how they got back in there. And I wish I would have noticed because, you know, the court didn't notice. I didn't notice. Defense didn't notice. You all recognized it was not proper to be in there. Is that on the record? We didn't recognize until the appeal process when it was raised by defense. But because I was – I did closing because I didn't realize it was there. I did read it, and when I read it, I should have realized it. But because I didn't expect it to be there or realize it was there, I didn't argue it. We didn't present any evidence because that was never our theory. Reckless disregard was not our theory in this case. I think Mr. Pruse's argument is the erroneous instruction that got in is on the topic of mens re. Yes. And if it's on the topic of mens re and there was – that's an element that the jury has got to find, it's going to have a materiality there. And I appreciate – obviously, you were the trial attorney. You were there. You were present at each of these instances. But as I understand the argument, it's not as if the instruction had to do with circumstantial evidence and the debate was about something else. The erroneous instruction was connected to an element that the jury had to find. Right, but what the defense has to show to win here is that the result probably would have been different had the instruction not been given. And he can't show that because had that instruction not been given, the jury would have found on knowing. There is plenty of evidence on that. It's hard to – we weren't in the jury box, but it's hard to imagine how they would have found reckless disregard. And there is no way the defense could show. It probably would have been different. There is so much evidence from the defendant forcing Tiffany to do a date when she was bleeding from a kidney infection, from the defendant threatening and hitting these women. The pictures that the defense attorney paints here is not – No, it doesn't make any sense. Reckless disregard and this isn't consistent. Exactly, and that is why the defense can't show that this – it was an error, but they can't show that it was prejudicial. I will sit down unless the court has any other questions. Okay. Thank you. Mr. Pruse, you have your 33 seconds. I was looking for the site. It's in my briefs. If we blend knowledge, criminal recklessness, criminal negligence, and civil negligence into one blob, then what's the point of even having it? That's obviously a paraphrase. This is a question for the jury. These facts are completely different from the other two recent cases that this court heard on this very issue. Thank you. Thank you. Thank you very much. And, Mr. Pruse, we appreciate your willingness to accept the appointment and your assistance to the court as well as your client. Thank you. The case is taken under advisement.